(No. 3017—

AMERICAN LIQUOR DISTRIBUTING CORP., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1937.*

ALLEN H. SCHULTZ, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks a refund of One Hundred Sixty Six and 67/10 ($166.67) Dollars. On September 4, 1935 it filed an application with the Illinois Liquor Control Commission for an Importing Distributor's License, pursuant to the provisions of the Illinois Liquor Control Law; and accompanied such application with the payment of One Hundred Sixty Six and 67/100 ($166.67) Dollars, being the pro rata portion of license fee required for a license to expire April 30, 1936. Article 7, Section 2 of the Illinois Liquor Control Law, approved January 31, 1934 provides, that such an application should be accompanied by a joint and several bond, etc. conditioned upon the true and faithful compliance by the licensee with all provisions of such Act.

The application in question was not accompanied by such bond, but on August 30, 1935 claimant had applied for such bond from the firm of Touhy and Sain of Chicago, Illinois, and had paid the premium therefor in the sum of Eighty ($80.00) Dollars, said firm being agents for The Seaboard Surety Company. The latter declined to issue the bond and a refund of the premium was made to claimant, and claimant was thereafter unable to procure an Importing Distributor's License because it had failed to complete its application, in that it had failed to file the required bond as required by the Illinois Liquor Control Act.

No contention exists as to the facts, but the Attorney General has filed a motion to dismiss the complaint, contending that one who voluntarily pays a fee for a license cannot thereafter recover it back when such license is not issued in consequence of applicant's failure to comply with other conditions.

There is no showing that the applicant ever engaged in the business for which such license was applied, and the application for such license was never in fact completed, because in order to be complete the application must have been ac-

companied by the license fee and the bond in question. The application, not having been sufficient upon which to issue a license, should have been returned to the applicant, together with the fee accompanying same, and there is no authority, in the opinion of the court for the State to retain the license fee thus proffered by the applicant.

It is therefore ordered that the motion to dismiss be and the same is hereby denied, and an award is hereby entered in favor of claimant in the sum of One Hundred Sixty Six and 67/100 ($166.67) Dollars.